UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

CLS PROPERTIES LLC,

        Debtor.

_____

ROBERT STEINBERG, as trustee for the bankruptcy estate of CLS Properties LLC,

        Plaintiff,

   v.

BARRY O. EVANS, as trustee for the Barry O. Evans DMD Profit Sharing Plan and Trust,

        Defendant-Appellant,

   and

VIRGINIA A. BURDETTE, as trustee for the bankruptcy estate of CLS Financial Services, LLC,

        Defendant-Appellee.

CASE NO. C05-647JLR

Bankruptcy No. 04-10121

ORDER

This matter comes before the court as an appeal under 28 U.S.C. § 158(a)(1) to the bankruptcy court's order dated February 15, 2005. At issue is the question whether 11 U.S.C. § 510(c) authorizes equitable subordination of the deed of trust held by CLS

ORDER – 1

Financial Services ("CLS Financial"), a company affiliated with the Debtor, CLS Properties LLC. The bankruptcy court held that Defendant/Appellant Barry Evans ("Evans") was injured by CLS Financial's misrepresentation but denied equitable subordination.

Evans argues that equitable subordination is available under § 510(c). Wardley Int'l Bank, Inc. v. Nasipit Bay Vessel, 841 F.2d 259, 263 (9th Cir. 1988). The bankruptcy court held that § 510 did not apply in the pending dispute as Evans was attempting to use it against a trustee in bankruptcy. On appeal, the Trustee for CLS Financial argues that (1) courts have consistently refused to impute a debtor's bad acts or inequitable conduct to a trustee and/or (2) Evan's claim is defeated by the principle that "record title is record title."

The court believes that Evans has the better argument. While the court is troubled that Evans failed to protect himself by ordering a title report, he could expect to rely on the direct representations concerning his interest in the property made by officials of CLS Financial. While the court is mindful of the bankruptcy court's interest in protecting the independent creditors of CLS Financial, the court views this as a dispute between Evans and the Bankruptcy Trustee for CLS Financial. As the Trustee "stands in the shoes" of the Debtor, 11 U.S.C. § 541(a), the Trustee should not be able to benefit from the misrepresentation made by CLS Financial.

Evans' motion is GRANTED and this matter is remanded to the bankruptcy court with directions to subordinate CLS Financial's deed of trust to Evans' deed of trust.

Dated this 31st day of August, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 2